UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S.A.S. JEAN CASSEGRAIN and LONGCHAMP USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FASHION EXPRESS, INC., J C PENNEY CORPORATION, INC., and ANCHOR BLUE RETAIL GROUP, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> (JURY TRIAL DEMANDED) |



## COMPLAINT

Plaintiffs S.A. S. Jean Cassegrain (hereinafter "CASSEGRAIN") and Longchamp U.S.A., Inc. (hereinafter "LONGCHAMP") (hereinafter collectively "Plaintiffs") complain of FASHION EXPRESS, INC. (hereinafter "FASHION EXPRESS"), ANCHOR BLUE RETAIL GROUP, INC. (hereinafter "ANCHOR BLUE") and J. C. PENNEY CORPORATION, INC. (hereinafter "JCPENNEY") (hereinafter collectively "Defendants"), as follows:

### Nature of Action

1. This action arises under the patent laws of the United States, 35 U.S.C. §101 et seq.

### The Parties

2. Plaintiff CASSEGRAIN is a company existing under the laws of France, having a place of business at 12, Rue Saint-Florentin, 75001 Paris, France. Plaintiff CASSEGRAIN, acting through various subsidiary companies, is a well-known manufacturer of luggage, handbags and other accessory items.

3. Plaintiff LONGCHAMP is a corporation existing under the laws of the state of Delaware, having an office and place of business at 435A U.S. Highway 130 North, Yardville, New Jersey 08628. Plaintiff LONGCHAMP is the exclusive distributor in the United States of luggage, handbags and accessory products manufactured by Cassegrain.

4. One of Cassegrain's most important and popular selling handbag designs are sold under the name LEGENDE and a sample is depicted in Exhibit A hereto.

5. Upon information and belief, FASHION EXPRESS is an Illinois corporation having a principal place of business at 750 South Wolf Road, Wheeling, Illinois 60090.

6. Upon information and belief, JCPENNEY is a Delaware corporation having a principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

7. Upon information and belief, ANCHOR BLUE is a Delaware corporation having a principal place of business at 2501 East Guasti Road, Ontario, California 91761.

### Jurisdiction and Venue

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. There is complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a).

10. Upon information and belief, Defendant FASHION EXPRESS, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district.

Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

11. Upon information and belief, Defendant JCPENNEY, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

12. Upon information and belief, Defendant ANCHOR BLUE, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district, sales and derives substantial revenue from intrastate and interstate commerce, which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## Patent Infringement of United States Patent No. D 570,111

13. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. This is a claim for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 101 et seq.

15. Plaintiff CASSEGRAIN is the owner of all right, title and interest in and to the valid and subsisting U.S. Patent No. D 570,111 for "Handbag" issued to Isabelle Guyon, Sophie Delafontaine, and Philippe Cassegrain on June 3, 2008 (hereinafter "the '111 patent" or "the patent in suit"), a true copy of which is attached hereto as Exhibit B.

16. Plaintiff CASSEGRAIN has licensed the '111 patent to LONGCHAMP.

17. Plaintiffs market and sell handbags having the design of the '111 patent under the LEGENDE name.

18. Upon information and belief, FASHION EXPRESS has infringed the patent in suit, in this district and elsewhere by manufacturing and selling, and inducing others to use and sell, a handbag product identified as "LARGE PATENT DOCTOR'S BAG" ("the infringing FASHION EXPRESS Product"). A photocopy of the infringing FASHION EXPRESS product is attached hereto as Exhibit C.

19. Upon information and belief, JCPENNEY has infringed the patent in suit, in this district and elsewhere by purchasing the infringing FASHION EXPRESS Product and selling the same at retail. Said product is attached hereto as Exhibit C.

20. Upon information and belief, ANCHOR BLUE has infringed the patent in suit, in this district and elsewhere by manufacturing and selling, and inducing others to use and sell a handbag product identified as "HEIDIWOOD CROC DOCTOR BAG," that is included within ANCHOR BLUE's Heidiwood Collection ("the infringing ANCHOR BLUE Product"). A photocopy of the infringing ANCHOR BLUE Product is attached hereto as Exhibit D.

21. On or about August 11, 2008, a cease and desist letter was sent to each of FASHION EXPRESS, JCPENNEY, and ANCHOR BLUE requesting that each discontinue all infringing sales of the infringing handbag products and account to Plaintiffs for past infringement of the '111 patent.

22. On information and belief, Defendants' infringement has been with notice and knowledge of the '111 patent and is deliberate, willful and wanton.

23. By reason of the infringement by Defendants, Plaintiffs have suffered damages in an amount to be ascertained upon an accounting.

24. By reason of the infringement by Defendants, Plaintiffs have suffered irreparable harm for which there is no adequate remedy at law and will continue to suffer additional irreparable harm unless Defendants are permanently and perpetually enjoined from continuing their infringement.

WHEREFORE, Plaintiff prays for judgment:

A. Finding the patent in suit valid and infringed by Defendants;

B. Preliminarily and permanently enjoining Defendants, their employees, officers, directors, agents, servants and all others in privity from infringing the claims of the patent in suit as provided for in 35 U.S.C. § 283;

C. Ordering an accounting to assess and award damages to Plaintiffs for Defendants' infringement of the patent in suit, including gains, profits and advantages derived by Defendants, and awarding Plaintiffs an amount adequate to compensate Plaintiffs' monetary damages, including lost profits resulting from the wrongful conduct of Defendants, together with costs and interest, as appropriate, and as authorized by any statute or law applicable to any claim made in this Complaint, and increasing the damages awarded to Plaintiffs to three times the amount found by reason of Defendants' willful continuing infringement as provided for in 35 U.S.C. § 284;

D. Awarding Plaintiffs their costs and reasonable attorney fees;

E.  Declaring this case exceptional by reason of Defendants' willful infringement and awarding Plaintiffs its attorney's fees incurred in prosecuting this action as provided for in 35 U.S.C. § 285; and

F.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded as to all issues in this action so triable.

Respectfully Submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiffs
270 Madison Avenue
8th Floor
New York, New York 10016
Tel: (212)684-3900
FAX: (212)684-3999

By: _____
George Gottlieb (GG 5761)
ggottlieb@grr.com
Barry A. Cooper (BC 9298)
bcooper@grr.com
Jeffrey M. Kaden (JK 2632)
jkaden@grr.com
Barry R. Lewin (BL 0564)
blewin@grr.com

Date: August 18, 2008
New York, New York

S:\blewin\BRL Client Matters\SAS Jean Cassegrain 4049\Matter 511\DRAFT COMPLAINT LONGCHAMP 20080818.doc

# EXHIBIT A



# EXHIBIT B

US00D570111S

## (12) United States Design Patent
### Guyon et al.

(10) Patent No.: **US D570,111 S**
(45) Date of Patent: ** **Jun. 3, 2008**

(54) HANDBAG

(75) Inventors: Isabelle Guyon, Paris (FR); Sophie Delafontaine, Paris (FR); Philippe Cassegrain, Paris (FR)

(73) Assignee: S.A.S. Jean Cassegrain, Paris (FR)

(**) Term: 14 Years

(21) Appl. No.: 29/289,339

(22) Filed: Jul. 17, 2007

(30) Foreign Application Priority Data
   Jan. 18, 2007   (EM) ................. 000654074

(51) LOC (8) Cl. .................................................. 03-01
(52) U.S. Cl. .................................................. D3/246
(58) Field of Classification Search ........ D3/232, D3/233, 234, 238, 239, 240, 241, 243, 245, D3/246, 303, 318, 319, 321, 322, 323, 324, D3/325, 326, 900, 902; 150/100, 106, 107, 150/108, 110, 111, 112, 118; 190/100, 106, 190/108, 109, 112, 113, 115, 900, 902, 903; 383/6, 25, 37, 38, 41, 42, 120
   See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D116,165 | S | * | 8/1939 | Kaufmann | 190/112 |
| D245,645 | S | * | 8/1977 | Casser | D3/243 |
| 4,561,525 | A | * | 12/1985 | Shidner | 190/106 |
| 4,756,394 | A | * | 7/1988 | Cohen | 190/108 |
| D502,314 | S | * | 3/2005 | Cassegrain | D3/246 |
| D545,566 | S | | 7/2007 | Guyon | |
| D546,058 | S | | 7/2007 | Guyon | |
| D547,060 | S | | 7/2007 | Delafontaine | |
| 2007/0137958 | A1 | * | 6/2007 | Hamlin | 190/109 |

* cited by examiner

*Primary Examiner*—Louis S Zarfas
*Assistant Examiner*—Monica A Weingart
(74) *Attorney, Agent, or Firm*—Gottlieb, Rackman & Reisman, P.C.

(57) **CLAIM**

The ornamental design for a handbag, as shown as described.

**DESCRIPTION**

FIG. 1 is a bottom plan view of our new design;
FIG. 2 is a left side elevation view thereof;
FIG. 3 is a front elevation view thereof;
FIG. 4 is a right side elevation view thereof;
FIG. 5 is a rear elevation view thereof; and,
FIG. 6 is a top plan view thereof.

The broken line showing links in FIGS. 2-6, pulls in FIGS. 2-4 and 6 and other hardware in FIGS. 1-5 is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 5 Drawing Sheets**




**U.S. Patent**   Jun. 3, 2008   Sheet 1 of 5   US D570,111 S



FIG. 1



FIG. 3



FIG. 2



FIG. 4

U.S. Patent    Jun. 3, 2008    Sheet 4 of 5    US D570,111 S



FIG. 5



FIG. 6

# EXHIBIT C

# EXHIBIT C



# EXHIBIT D

